# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

KATHLEEN CARTER,

    *Plaintiff,*

vs.

WALMART, INC,

    *Defendant.*

Case No. 18-1335-EFM

## MEMORANDUM AND ORDER

Plaintiff Kathleen Carter initiated this action in Kansas state court against Defendant Walmart, Inc. Defendant has filed a Renewed Motion to Dismiss for Failure to State a Claim (Doc. 24). Because the Court finds that Plaintiff fails to sufficiently assert a claim, the Court grants Defendant's Motion to Dismiss.

### I.     Factual and Procedural Background

On November 5, 2018, Plaintiff filed a petition for relief in Reno County District Court of the State of Kansas seeking relief from damages incurred on November 9, 2016. Plaintiff claims that, on November 9, 2016, Defendant's employee attacked her at Defendant's place of business in Hutchinson, Kansas. Plaintiff asserts Defendant had a duty to protect her from the incident and that Defendant's negligent supervision of its employee resulted in her injuries.[1]

---

[1] Plaintiff's petition does not set forth a specific cause of action for which relief is sought. Plaintiff's petition is two pages long with only seven paragraphs.

In December 2018, Defendant removed the case to the United States District Court for the District of Kansas. Defendant subsequently filed a Motion to Dismiss for Failure to State a Claim pursuant to Rule 12(b)(6). Defendant asserted that Plaintiff's complaint failed to state a claim for which relief could be granted because Plaintiff did not sufficiently plead claims for *respondeat superior* or negligent supervision.[2]

By February 4, 2019, no counsel had entered an appearance on behalf of Plaintiff. Plaintiff's original counsel of record was not admitted to practice in Federal court, and after Defendant removed the case, he declined to continue representation. The Court ordered Plaintiff to hire counsel, represent herself, or dismiss the action. Additionally, the Court ordered Plaintiff to respond to Defendant's Motion to Dismiss by March 21, 2019, or the case would be subject to dismissal.

By March 26, 2019, Plaintiff had done nothing. The Court issued Plaintiff a Show Cause Order as to why her claim should not be involuntarily dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to comply with the Court's Order and for lack of prosecution. The Court directed Plaintiff to respond by April 8, 2019. On April 10, 2019, the Court dismissed the present action. The same day, the Clerk's Office received Plaintiff's Motion for Extension of Time to retain counsel. Due to the timing of the Motion and the Order, the Court set aside the dismissal and granted Plaintiff's Motion for Extension.

In May 2019, Plaintiff entered her appearance *pro se*. Defendant renewed its Motion to Dismiss. The Court again ordered Plaintiff to respond. On June 10, 2019, Plaintiff submitted a two-sentence response to Defendant's motion. Plaintiff's response maintained that the original pleadings clearly stated that Defendant's "employee and agent" battered Plaintiff. Defendant now

---

[2] Defendant's Memorandum in Support of its original Motion to Dismiss puts forth negligent supervision and *respondeat superior* as two possible theories of negligence that can be read from Plaintiff's complaint.

asserts that dismissal is appropriate because neither Plaintiff's complaint nor response states a claim upon which relief can be granted.

## II. Legal Standard

Under Rule 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[3] Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"[4] A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[5] The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of claims as well the grounds on which each claim rests.[6]

Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.[7] Viewing the complaint in this manner, the court must decide whether the plaintiff's allegations give rise to more than speculative possibilities.[8] If the allegations in the complaint are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'"[9] The court construes the complaints of *pro se* plaintiffs liberally

---

[3] Fed. R. Civ. P. 12(b)(6).

[4] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[5] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[6] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

[7] *Iqbal*, 556 U.S. at 678–79.

[8] *See id.* ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (citation omitted)).

[9] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570).

in the interest of justice.[10] The court will not, however, advocate for the plaintiff or construct legal theories on the plaintiffs behalf.[11]

### III. Analysis

Defendant proceeds as if Plaintiff asserts two negligence theories, vicarious liability under *respondeat superior* and negligent supervision. As will be explained below, Plaintiff's complaint does not properly set forth either claim.

**A.    Respondeat Superior**

Kansas common law recognizes the tort of *respondeat superior* which allows employers to be vicariously liable for an employee's actions under certain circumstances. Generally, an employer is not liable for an employee's tortious act, including assault and battery, unless the employer, impliedly or expressly, authorizes the action, or the action falls within the employee's scope of employment.[12] Kansas recognizes an exception where the nature of employment contemplates an employee's discretionary use of force, such as a security guard or store detective.[13] The employer is not liable if a claimant alleges an employee committed an intentional tort for personal reasons or to accomplish an unlawful purpose not in furtherance of the employer's business.[14]

Plaintiff's complaint alleges that Defendant's unnamed female door greeter physically attacked Plaintiff without provocation causing Plaintiff physical, mental, and emotional damage. Plaintiff asserts Defendant "is legally responsible for the acts of its employee." Plaintiff, however,

---

[10] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[11] *Brown v. Via Christi Health*, 2010 WL 4930682, at *1 (D. Kan. 2010).

[12] *Beggerly v. Walker*, 194 Kan. 61, 397 P.2d 395, 399 (1964).

[13] *Id.*

[14] *Williams v. Cmty. Drive-In Theater*, 214 Kan. 359, 520 P.2d 1296, 1301-02 (1974).

fails to assert the essential elements of the claim. And Plaintiff's conclusion that Defendant is legally responsible is not afforded the presumption of truth.[15] Rather, Plaintiff must put forth enough facts for the Court to infer that Defendant, expressly or impliedly, authorized its employee to batter Plaintiff. Alternatively, Plaintiff must allege that Defendant's employee was acting within the scope of her employment at the time of the incident. Plaintiff provides neither. Beyond the claim that Defendant's female greeter battered Plaintiff, Plaintiff provides no additional facts. In her response, Plaintiff fails to address Defendant's substantive arguments or further substantiate her claims. Therefore, to the extent that Plaintiff alleges a *respondeat superior* claim, this Court dismisses it.

**B.     Negligent Supervision**

Negligent supervision applies when an employer fails to supervise its employee while having "reason to believe that the employment of the employee would result in an undue risk of harm to others."[16] Where an employer knew or should have known of an employee's dangerous propensities, negligent supervision applies if the employer failed to control that employee.[17] If a risk or propensity is identified, the employer is liable only to the extent the harm was within the risk.[18]

Plaintiff asserts that Defendant failed to properly supervise its employee and similarly, failed and refused to protect Plaintiff from being attacked. Beyond this conclusory statement, Plaintiff puts forth no facts regarding Defendant's supervision or training of "greeters." Plaintiff does not suggest Defendant's employee had dangerous propensities, or if such propensities existed,

---

[15] *See Iqbal*, 556 U.S. at 678–79.

[16] *Wayman v. Accor N. Am. Inc.*, 45 Kan. App. 2d 526, 251 P.3d 640, 650 (2011).

[17] *Marquis v. State Farm Fire & Cas. Co.*, 265 Kan. 317, 961 P.2d 1213, 1223 (1998).

[18] *Kan. State Bank & Tr. Co. v. Specialized Transp. Servs.*, 249 Kan. 348, 819 P.2d 587, 598 (1991).

that Defendant knew or should have known of them. Without identifying the employee or the risk, the Court cannot determine if Plaintiff's harm is attributable to a risk known by Defendant. Due to Plaintiff's lack of meaningful facts, the claim does not rise above speculation or pure legal conclusions.[19] Therefore, the negligent supervision claim must be dismissed.

In sum, Plaintiff's petition fails to allege sufficient facts to support any claim against Defendant.[20] Plaintiff also fails to adequately address Defendant's motion. Thus, the Court grants Defendant's motion.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss for Failure to State a Claim (Doc. 24) is hereby **GRANTED**.

**IT IS SO ORDERED.**

**THIS CASE IS CLOSED.**

Dated this October 23, 2019.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[19] *See Iqbal*, 556 U.S. at 678–79.

[20] Plaintiff's response to Defendant's Motion to Dismiss states that battery is the oldest claim known to the law. There are no facts in Plaintiff's complaint to support any claim for battery against this Defendant.